## STATE OF OHIO EX REL. PACIFIC GUANO CO. v. GEORGE W. EAGER, CLERK.

1. MAY BE RESORTED TO, TO COMPEL CLERK TO ISSUE EXECUTION.

A party entitled to an execution on a judgment may by mandamus compel the clerk of the court to issue the writ, if he refuses to do so after a legal demand therefor.

2. MOTION FOR NEW TRIAL MUST BE FILED AT SAME TERM, THOUGH IT ENDS BEFORE THREE DAYS.

That the judgment was rendered near the close of the term, does not, under sec. 5307, Rev. Stat., give to the losing party the right to file a motion for a new trial after the term has ended, although it was filed within three days after the rendition of the judgment, and before it was actually entered on the journal. The motion must be filed not only within the three days, but also before the term has ended.

3. EXECUTION MAY ISSUE IN SPITE OF MOTION.

If the losing party files the motion after the term has closed, it will not justify the clerk in refusing to issue an execution on the judgment upon a proper demand therefor.

ERROR to the Court of Common Pleas of Pike county.

The relator seeks to compel defendant, by mandamus, to issue a writ of

execution in its favor on a certain judgment it recovered in a civil action in the Pike county common pleas, against one George Hays; and sets forth as grounds therefor the following facts: That at the April term A. D. 1888, of said court, it recovered against said George Hays and another, a judgment for $412.33, and costs of suit; that the judgment is in full force, its collection not enjoined, and no proceedings begun to reverse it; that said George W. Eager is the clerk of said county; that the relator on May 18, 1888, filed with said clerk a precipe for an execution on said judgment against the defendants thereto; that said Hays had property within said county subject to execution; and that said clerk refused, and still refuses, to issue said process.

An alternative writ of mandamus was allowed in Pike county, which, by agreement of parties, was made returnable to the Jackson county circuit court on the first day of its next term. The parties appeared, and defendant set up by answer that the finding of the common pleas court in the case, in which the execution was demanded, was made on the last day of its said term of April, A. D. 1888; that within three days thereafter, and before the judgment of the court was entered on the journal of the court, the defendants filed with said clerk a motion for a new trial of the action, which motion is still pending in the court of common pleas.

To this answer the relator demurred.

BRADBURY, J.

The petition shows the recovery of a judgment by the relator against Hays and another upon which it was entitled to an execution; that it made a legal demand therefor; that one of the judgment debtors had, within the county, property subject to execution, and defendant's refusal to issue the writ. To issue this process is a duty enjoined upon him by law, and unless the relator has an adequate remedy in the ordinary course of law it is entitled to a writ of mandamus to enforce the performance of this duty. It may be true that the clerk and his bondsmen are liable to respond to the relator in damages in an action at law for his wrongful refusal. If, however, this should be done and judgment recovered, the clerk or his successor might again defeat the object of the suit by refusing to issue a writ of execution, and this might be repeated indefinitely. If, however, this danger is more fanciful than real, yet we think the remedy by action not adequate to enforce the relator's right. By the judgment of the court it had established, not only its right to a sum of money, but its right to the process of the court for its immediate collection; and the full and adequate protection of this right requires a more summary remedy than that afforded by a new action; the writ of mandamus gives that remedy, and the relator is entitled to its benefits, unless the answer discloses a defense.

The answer does not deny the recovery of the judgment, nor does it aver that the motion for a new trial was made before the term closed, but only goes to the extent of averring that the motion was made within three days from the rendition of the decision, and before it was entered on the journal by the clerk. The answer, therefore, falls short of showing that the motion was filed before the term ended. This was necessary. Section 5307, Rev. Stat., furnishes the rule respecting the time when the motion for a new trial must be filed, and it provides that the application must be made at the term in which the "verdict, report or decision is rendered." Section 5309, Rev. Stat., provides for certain exceptions to this rule, but the case at bar is not within the exception. That the judgment had not been entered on the journal when the motion was filed, does not affect the rule. It is the duty of clerks of courts to enter up the judgments and orders of the court, when furnished by counsel and approved by the judge, and if owing to their rapid accumulation, it can not be done before the term closes, he should proceed diligently with the work until it is done. And when

entered on the journal, they relate back to the term, and are as much the acts of the court, as if the work of entering them up had been completed during the term.

The demurrer to the answer is sustained, and a peremptory writ of mandamus allowed.

T. C. Anderson, for relator.

James & Eylar, *contra.*